UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-60111-CR-SMITH
CASE NO. 22-60118-CR-SMITH

UNITED STATES OF AMERICA

v.

JOHANAH NAPOLEON,

        Defendant.

_____/

## PLEA AGREEMENT

The Office of the United States Attorney for the Southern District of Florida ("the United States") and **JOHANAH NAPOLEON** ("the defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 1 of the information in Case No. 22-60111-Cr-Smith, which count charges the defendant with conspiracy to commit health care fraud and wire fraud, in violation of Title 18, United States Code, Section 1349. The defendant also agrees to plead guilty to Count 1 of the information in Case No. 22-60118-Cr-Smith, which count charges the defendant with wire fraud, in violation of Title 18, United States Code, Section 1343.

2. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory

sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. As to Count 1 of the respective informations, the defendant also understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up to twenty years, to be followed by a three-year term of supervised release. In addition to a term of imprisonment, the court may impose a fine of up to $250,000 or a fine not more than the greater of twice the gross gain or twice the gross loss from the offense.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $200 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's

background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court make the following findings and conclusions as to the sentence to be imposed:

    a. <u>Base Offense Level</u>: That under Section 2B1.1 (a)(1) of the Sentencing Guidelines, the base offense level is 7;

    b. <u>Amount of Loss</u>: That under Section 2B1.1(b)(1)(I) of the Sentencing Guidelines, the aggregate actual loss or intended loss resulting from the defendant's conduct in the information is more than $1,500,000 and less than $3,500,000;

    c. <u>Role in the Offense</u>: That under Sections 3B1.1(c), defendant was an organizer, manager, and leader of the offense; and

    d. <u>Acceptance of Responsibility</u>: That under Section 3E1.1 of the Sentencing Guidelines, the Sentencing Guideline level applicable to defendant's offense should be reduced by 3 levels based on the defendant's recognition and affirmative and timely acceptance of personal responsibility. However, the United States will not be required to make this sentencing recommendation if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to, committing a state or federal offense, violating any term of release, or making false statements

or misrepresentations to any governmental entity or official, including the United States Probation Office.

8. This Office agrees not to seek any additional enhancements provided under Chapter 2, Part B, or under Chapter 3, Parts B or C, of the Sentencing Guidelines, other than as noted in Paragraphs 7(a) through 7(d) above. The parties agree, however, that, if the Probation Office recommends any additional enhancements or reductions not included in Paragraphs 7(a) through 7(d), they may make representations to the Court regarding the facts underlying such a recommendation.

9. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offenses, in violation of 18 U.S.C. § 1349, pursuant to 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c), and the provisions of 21 U.S.C. § 853. In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes but is not limited to: (a) a forfeiture money judgment in the sum of approximately $250,000.00 in U.S. currency, which sum represents the value of the property subject to forfeiture, in Case No. 22-60111-Cr-Smith; and (b) a forfeiture money judgment in the sum of approximately $3,205,414.00 in U.S. currency, which sum represents the value of the property subject to forfeiture, in Case No. 22-60118-Cr-Smith.

10. In lieu of forfeiture of any specific property by the United States, the Parties hereby agree that the defendant shall remit to the United States two lump sum payments in the amounts of $250,000.00 in Case No. 22-60111-Cr-Smith and within $3,205,414.00 in Case No. 22-60118-

Cr-Smith within 90 days of the entry of the Plea Agreement (the "Payments"). The defendant agrees to the final forfeiture of the Payments, and upon receipt of the Payments, all right, title, and interest in the Payment shall vest in the United States.

11.     The defendant agrees to sign an affidavit under penalty of perjury attesting that the Payments are derived from a legitimate source and agrees to attach proof of the source of funds to such affidavit within 180 days of the Court's approval of the Agreement.

12.     If the Payments are not remitted to the United States within 180 days of the entry of the Plea Agreement or the affidavit described in the paragraph above is not provided to the United States within 180 days of the Court's approval of the entry of the Plea Agreement, the defendant consents to the forfeiture any specific property belonging to her up to the amount of $3,455,414.00, and defendant further agrees that such property may be sold by the United States Marshals Service.

13.     The Parties agrees that the Payments shall be applied in full satisfaction of the Defendant's forfeiture money judgments.

14.     The defendant hereby agrees that she will not take any action to encumber, transfer, dispose of or cloud the title to any real property belonging to her without approval of the United States, until the Payment is made. The Petitioner further agrees that she shall continue to be responsible for all real property taxes, liens, and other claims and encumbrances against such real property until the Payment is made.

15.     The Parties further agree that the Payments shall be made via Electronic Funds Transfer to the United States Marshals Service, with further instruction to be provided by the United States Attorney's Office.

16. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

17. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offenses of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

18. In furtherance of the satisfaction of a forfeiture money judgment entered by the Court in this case, Defendant agrees to the following:

    a. submit a financial statement to the Offices upon request, within 14 calendar days from the request;

    b. maintain any asset valued in excess of $10,000, and not sell, hide, waste, encumber, destroy, or otherwise devalue such asset without prior approval of the United States;

    c. provide information about any transfer of an asset valued in excess of $10,000

since the commencement of the offense conduct in this case to date;

d. cooperate fully in the investigation and the identification of assets, including liquidating assets, meeting with representatives of the United States, and providing any documentation requested; and

e. notify, within 30 days, the Clerk of the Court for the Southern District of Florida and the Offices of: (i) any change of name, residence, or mailing address, and (ii) any material change in economic circumstances.

19. Defendant further understands that providing false or incomplete information about assets, concealing assets, making materially false statements or representations, or making or using false writings or documents pertaining to assets, taking any action that would impede the forfeiture of assets, or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (i) separate prosecution, including, under 18 U.S.C. § 1001; or (ii) recommendation of a denial of a reduction for acceptance of responsibility pursuant to the United States Sentencing Guidelines § 3E1.1.

20. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office, or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously

acknowledged in paragraph 3 above, that the defendant may not withdraw his/her plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

21. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

Date: 11/18/22

By: _____
CHRISTOPHER J. CLARK
ASSISTANT U.S. ATTORNEY

Date: 11-21-22

By: _____
JOEL DEFABIO, ESQ.
ATTORNEY FOR DEFENDANT

Date: 11-21-22

By: _____
JOHANAH NAPOLEON
DEFENDANT